NO. 07-06-0332-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 6, 2007


 ______________________________



DR. NYLA PTOMEY, APPELLANT



V.



TEXAS TECH UNIVERSITY, APPELLEE


_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-523,777; HONORABLE WILLIAM C. SOWDER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

ON MOTION FOR REHEARING


 After perfecting appeal and filing four motions for extension of time in which to file
her brief, appellant submitted a brief which did not substantially comply with Rules of
Appellate Procedure 9 and 38. Notably, no copy of the brief was signed, or contained a
prayer for relief or certificate of service. See Tex. R. App. P. 9.1(a), 9.5(e), 38.1(I). The
brief also failed to conform to the formatting requirements of Rule 9.4(d) and (e). When
appellant failed to respond to this court's May 16, 2007 letter directing her to file a
corrected brief on or before Tuesday, May 29, 2007, we dismissed the appeal for want of
prosecution and failure to comply with a directive of this Court. See Tex. R. App. P. 42.3(b)
& (c). Appellant has now filed a verified motion (1) for rehearing alleging her counsel never
received this court's May 16, 2007 letter, the file stamped copy of the brief returned to
counsel contains the page missing from the copies filed with the court, and counsel was
"unaware" the brief did not comply with the rules. (2) Appellant seeks reinstatement of the
appeal. She also requests the court file a brief which does not comply with Rule 9.4 or
permit the filing of a brief which does not comply with the page limitations of Rule 38.4. 

 Appellee Texas Tech University has filed a response opposing both reinstatement
of the appeal and enlargement of the briefing page limits. The response points to the
history of delay in prosecution of this appeal and challenges as unpersuasive appellant's
representation she did not receive notice of the briefing defects before her appeal was
dismissed. Appellee argues granting appellant's request to enlarge the page limitations
will prejudice appellee.

 The procedural history of this appeal suggests appellant's counsel has given less-than-thorough attention to the Rules of Appellate Procedure, but it does not present an
objective basis on which we can conclude counsel timely received, (3) but mis-read or
disregarded, our notice of his briefing deficiencies and direction to file a corrected brief. 
Relying instead on counsel's integrity, we grant appellant's motion for rehearing and
reinstate the appeal. We deny appellant's request to suspend application of the rules
governing briefing. Appellant is directed to file a brief which complies with the applicable
Rules of Appellate Procedure, not later than 5 p.m. local time, July 16, 2007. If a
conforming appellant's brief is not received by this court's clerk by that date and time, the
appeal will be dismissed, without further notice.



 Per Curiam




1. We note this motion, like her brief, fails to comply with the requirements of Rule
9.4(d) and (e). That rule applies to all documents filed with an appellate court by a party.
2. Specifically, appellant's motion states that counsel was unaware the brief did not
comply with "Court rules." This court has not adopted local rules. The Texas Rules of
Appellate Procedure govern briefing practice in this court. 
3. In a supplement to her motion, appellant's counsel advises the court that he
received our May 16 letter in his mail on June 13.